**THE PEOPLE OF THE TERRITORY OF GUAM**

v.

**RAYMOND QUIDACHAY, et al., Defendants**

Criminal Case No. 199F-78

Superior Court of Guam

July 27, 1979

ABBATE, *Presiding Judge*

### DECISION AND ORDER

This matter came for hearing in the above-titled Court before the Honorable Paul J. Abbate on July 24, 1979. The Government was represented by Assistant Attorney General Paul Pohlen, defendant Anthony Flores was represented by Stephen Cronin, and defendant Raymond Quidachay was represented by Assistant Public Defender Richard Pipes. Defendant Quidachay moved for severance of defendants in this matter, and co-defendant Flores joined in the motion by moving to reconsider a previously denied motion for severance.

Defendants' motion is based on § 65.35 of the Criminal Procedure Code, and the Sixth and Fourteenth Amendments to the United States Constitution, and the Organic Act of Guam (48 U.S.C. Section 1421(b); *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620 (1968)). The gravamen of defendants' complaint is that a joint trial will result in prejudice, deny them the right of confrontation of witnesses against them, and deny them due process of law in that each defendant has allegedly made extrajudicial statements which would be admissible against the defendant who made the statement, but not against the other.

██ Guam Criminal Procedure Code § 65.35 is textually the same as Federal Rule of Criminal Procedure 14, and direct reference to this rule is made in the Code as the

630

source of § 65.35. A motion made under this Section is addressed to the sound discretion of the trial court. *Parker v. Randolph*, 99 S.Ct. 2132 (1979) ; *Opper v. United States*, 75 S.Ct. 158, 165, 348 U.S. 84, 95 (1954).

█ In the instant case, there are several claims that prejudice will result if severance is not granted. The first, of course, is that evidence would be admitted at a joint trial, albeit with a curative instruction that it may not be used against the co-defendant who did not make the statement, which would not be admissible if the co-defendant's trial was severed, and without benefit of cross-examination. It is argued by the Government that this is a case such as *Parker v. Randolph*, supra, in which the co-defendant has himself made an incriminating statement, and thus lessened the prejudice of admitting his co-defendant's statement. *Parker* is inapposite on its facts for two reasons: First, defendant Flores has allegedly made not one confession, but several which inculpate his co-defendant Quidachay to varying degrees, and increase the confusion the jury would be subjected to in hearing these confessions and attempting to excise any probative effect on the guilt or innocence of the defendant who did not make the confession. Second, the oral statement attributed to defendant Quidachay in the view of the Court stops short of being a complete confession as to all of the elements of the offense with which he is charged, and is clearly inconsistent with one or more of the confessions made by Flores. Thus, we do not have, as in *Parker*, a situation in which "the defendant himself has confessed and his confession 'interlocks' with and supports the confession of his co-defendant".

A second factor raised by defense counsel is "the possibility that at a separate trial a co-defendant would give exonerating testimony", *People v. Massie*, 66 Cal.2d 899, at 954.

631

And finally, joint trial in this case raises the spectre of comment on the failure of the co-defendant to take the stand by counsel for a defendant. (*De Luna v. United States*, 308 F.2d 140), thus raising prejudicial error as to the nontestifying defendant.

For the foregoing reasons, it is the decision of the Court that it is in the interest of justice that trial in this matter be severed as to each defendant. Jury selection for defendant Flores is set for the original date set for a joint trial, August 10, 1979, 9:00 a.m. Jury selection as to defendant Quidachay is set for 9:00 a.m., August 24, 1979.

IT IS SO ORDERED.